```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Tommy Joe Pickett,              :

    Plaintiff,              :

  v.                              :         Case No. 2:13-cv-1252

                                   :         JUDGE ALGENON L. MARBLEY
Commissioner of Social Security,          Magistrate Judge Kemp
                                   :

    Defendant.

## REPORT AND RECOMMENDATION

    By agreement of the parties, this case was remanded to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. (Doc. 22). On November 5, 2014, Plaintiff filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, (Doc. 24), and a supporting memorandum (Doc. 25). The Commissioner has not filed a response to the application.

    It is the Commissioner's burden, in response to a motion for fees under the EAJA, to demonstrate that the Commissioner's litigation position was substantially justified. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified"). In the absence of an opposing memorandum, the Commissioner cannot satisfy that burden. See, e.g., Libas, Ltd. v. United States, 314 F.3d 1362, 1366 (Fed. Cir. 2003)("when the government fails to advance any reasoning showing its position was substantially justified, the court ... may grant the motion by relying on the government's failure to timely submit any evidence or explanation

to carry its burden of proving its position was substantially justified as an admission ...").

Once it has been determined that a social security claimant is entitled to fees under the EAJA, the only remaining questions are the reasonableness of the hours expended and whether the hourly rate falls within the statutorily-authorized range. Plaintiff's counsel seeks $3,399.43 for 18.6 hours of work, billed at the following rates: $180.00 per hour for work performed in 2013, and $183.73 per hour for work performed in 2014. Nothing in the itemization of hours expended appears unreasonable.

As far as the hourly rate is concerned, counsel is requesting the statutory maximum rate of $125.00 per hour with a cost of living adjustment for each of the years in which counsel performed the work. The Court of Appeals has recognized that the EAJA permits a cost of living adjustment, and it is within the Court's discretion to award such an adjustment. Crabtree v. Colvin, 2013 WL 1314875, *1 (S.D. Ohio Mar. 29, 2013). Counsel has calculated the cost of living for each year using the Consumer Price Index ("CPI"), which is "the best indicator for computing the increase in the cost of living." Id. Further, the evidence submitted in support of the application is satisfactory to demonstrate that the rates requested are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. See Bryant v. Commissioner of Social Security, 578 F.3d 443, 450 (6th Cir. 2009), citing Blum v. Stenson, 465 U.S. 886, 898 (1984).

It is therefore recommended that Plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 24) be granted and that Plaintiff be awarded the sum of $3,399.43 to be paid to counsel unless there is an offsetting debt owed to the United States.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge